## LEET, CRUTCHFIELD, ET AL., v. D. C. ROBERTSON.

**Attachment—Payment—Sale to Defraud Creditors.**

Where parties agree that the question as to whether the attachment should be sustained shall be submitted to the court and parol evidence heard on the motion to dissolve, if it was irregular for the court to hear that branch of the case, the irregularity was waived by the agreement.

**Payment.**

One cannot pay his debts by offering to pay them in horses at a price fixed on them by himself, and an offer to do so not accepted will not relieve the debtor or his sureties.

**Sale to Defraud Creditors.**

Where property of an insolvent debtor is sold by him to a creditor for one-third of its value, the fact affords some evidence that the sale was pretended and was to defeat his creditors.

### APPEAL FROM DAVIESS CIRCUIT COURT.

March 21, 1876.

OPINION BY JUDGE PETERS:

The record shows that the question as to whether the attachment should be sustained was by consent submitted to the court, and parol evidence heard on appellants' motion to discharge it. If it had been otherwise irregular to hear that branch of the case, then that irregularity was waived by consent of the parties.

It certainly did not absolve Crutchfield from his obligation to pay the debt he owed Tichner by offering to pay it in horses at a price fixed on them by himself, or in other commodities not desired by his creditor, nor did such offer relieve his surety or furnish him with any excuse for placing his effects out of the reach of his creditors.

It is manifest from the evidence that the prices which Saunders claims to have paid for the horse by purchase, and for the wood and lumber Leet claims to have purchased, were little more than one-third of their fair value, and there was no visible change of possession of any or either of the articles after the asserted sale; and it further appears from the evidence that Crutchfield was apprehending trouble on account of the debts for which appellee was his surety, of which Saunders was apprised, as Vanover proves, and circumstances point very strongly to the conclusion that Leet was not ignorant of them.

From the facts as exhibited we cannot doubt that the pretended

sales were made for the purpose of removing the property from the reach of Crutchfield's creditors, and especially to protect it from the payment of the debts on which appellee was his surety. '

Judgment *affirmed.*

*Ray & Walker, for appellants. Owen & Ellis, for appellee.*